**UNITED STATES of America**

v.

**Lloyd Julius SEGUIN, Jr.**

**Crim. No. 91–10019–01.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 24, 1991.

Cristina Chandler, Asst. U.S. Atty., Shreveport, La., for plaintiff.

Philip Letard, Vidalia, La., for defendant.

RULING

LITTLE, District Judge.

Federal and state officials invaded a farm field that they suspected had been

illegally baited for hunting mourning doves. The officials confirmed their suspicions and advised the hunters that each would be recommended for criminal citation. The lessee of the field came upon the agents. The agents knew that the lessee, Lloyd J. Seguin, was the party in charge of the property. Lloyd Seguin, Everett Allwell, a friend of Mr. Seguin's, and Mrs. Seguin were approached by the agents. Each was questioned separately. Subsequent to the questioning, the defendant, Lloyd Seguin, was charged with a violation of Title 18 U.S.C. § 2. Mr. Seguin elected to have his criminal case tried before a judge rather than a magistrate.

In a pretrial motion to suppress certain statements, the defendant suggests that any information acquired by the authorities from him when he was field interviewed should be suppressed. The reasoning is based upon the U.S. Fish and Wildlife agent's failure to give Mr. Seguin Miranda warnings. All parties agree that the warning was not given.

At the suppression hearing, the sole officer who communicated with the defendant during the substantive investigation testified. At this one-on-one conversation, Agent Joseph Oliveras stated that no decision as to charging Mr. Seguin had been made prior to the conversation; the conversation was voluntary on the part of the defendant and the defendant was always at liberty to leave the area or to refuse to continue the conversation. In other words, there was no apprehension, no intention to apprehend, and a reasonable person would not have believed that he was the target of an investigation nor could he believe that he was anything other than at liberty to come and go as he saw fit.

Two other individuals testified. Neither heard the conversation between Oliveras and the defendant.

█ It is a well-established principle of law that the protections provided by Miranda are not required unless the defendant is the subject of a custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). The test used to determine wheth-er an individual is "in custody" for Miranda purposes has undergone substantial changes since that decision. Previously, the test involved an examination of the following four factors:

1) whether there was probable cause to arrest the defendant; 2) whether the investigation was focused on the defendant at the time of interrogation; 3) whether the law enforcement officer had a subjective intent to hold the defendant; and 4) whether the defendant subjectively believed that his freedom was significantly restricted.

*United States v. Bengivenga,* 845 F.2d 593 (5th Cir.1988).

In *Bengivenga,* the Fifth Circuit concluded that the four factor test was no longer compatible with current Supreme Court precedent and adopted an alternative analysis. "In custody" for *Miranda* purposes is now defined as a "formal arrest or restraint on freedom of movement to the degree associated with formal arrest." *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984). The relevant inquiry to determine whether there has been such a restraint is how "a reasonable person in the suspect's position would have understood the situation." *Id.* The reasonable person, through whom the court must view this situation, must be "a person who is neutral to the purposes of the investigation—that is, neither guilty of criminal conduct and overly apprehensive nor insensitive to the seriousness of the circumstances." *Bengivenga,* 845 F.2d at 596. The key issue is not what did the defendant think was happening to him when he gave the damaging information, but what would the reasonable person have thought under the same circumstances.

█ In this case, there is little evidence to indicate that Mr. Seguin was under formal arrest or that there was a restraint on his freedom of movement. There are no witnesses to the conversation between defendant and the agent other than the defendant and the agent. Mr. Seguin did not testify. The testimony of the agent left this court with the impression that a reasonable person, under similar circum-

stances, should not have been given the Miranda warnings. There is no evidence that the defendant was verbally abused, manhandled, surrounded, handcuffed or arrested.

In a similar case, the Fifth Circuit compared the detention of hunters on a baited field to the roadside questioning of a motorist pursuant to a traffic stop and held that neither was comparable to the restraints associated with a formal arrest. *United States v. Sylvester* 848 F.2d 520, 523 (5th Cir.1988). The court went on to say that as with a traffic stop, the detention and questioning of hunters by a lone agent on an open field in view of others was "substantially less 'police dominated' than that surrounding the kinds of interrogation at issue in *Miranda* itself." *Id.* at 523. Even "having their vehicles blocked by the agents' vehicles, did not make the questioning of the individual hunters by lone agents when the hunters were still in the open field anymore coercive." *Id.* In the case before this court, it is clear that before and after the defendant was questioned and information gathered to issue a citation, the defendant was free to continue on his way. Thus, Miranda warnings were not required in this instance.

Based on the foregoing conclusions of law, the court must refuse to grant the motion to suppress.